Hukill v. State.

---

DAVE HUKILL ET AL. V. STATE OF NEBRASKA.

FILED NOVEMBER 25, 1922.    NO. 22656.

1. **Criminal Law:** VERDICT: REVIEW. "It is the province of the jury to determine disputed matters of fact in criminal as well as in civil cases. The verdict will not be set aside in this court upon proceedings in error for want of evidence to support it, unless it is clearly wrong." *Henry v. State*, 72 Neb. 252.

2. **Robbery:** SUFFICIENCY OF EVIDENCE. Evidence examined, and *held* sufficient to sustain verdicts finding defendants guilty of robbery.

3. ———: SENTENCE. *Held*, that the sentence imposed upon each defendant is in accordance with law and not excessive.

ERROR to the district court for Burt county: L. B. DAY, JUDGE. *Affirmed.*

B. C. *Enyart*, for plaintiffs in error.

*Clarence A. Davis*, Attorney General, and *C. L. Dort*, contra.

Heard before MORRISSEY, C. J., LETTON, ALDRICH, DAY and FLANSBURG, JJ., REDICK, District Judge.

ALDRICH, J.

The defendants, Dave Hukill and Roland Shafer, were convicted of the crime of robbery in Burt county in November, 1921, and sentenced to the penitentiary from six years to fifteen years. Defendants prosecute error.

The first question which is presented to us for consideration is: Was the evidence sufficient to sustain the verdict of the jury? This is purely and absolutely a question of fact, and within the realm of fact the jury are supreme. Were the defendants present on the night of the commission of the crime at the shack occupied by Barney Kelso and Jo Shafer? The defendants evade this fact by attempting to prove an alibi, which the jury, considering it and the other evidence introduced, disbelieved. As a matter of law they had a right to do this. We will not disturb the verdict of the jury where the evidence is in conflict, unless it is clearly and apparently wrong. Two witnesses swore positively, directly and in the fullest manner possible to the fact that the two defendants broke into their place and, through fear, force and violence, robbed Barney Kelso of $24 in cash. The evidence shows the defendants unmercifully beat Jo Shafer and Barney Kelso with clubs, one of them being temporarily stricken unconscious. Shafer was in close proximity to the defendant Roland Shafer and was able to clearly and positively identify him. In fact, Barney Kelso in the bright moonlight clearly and unquestionably identified each of the defendants and talked with them. Together with all the evidence in the case the jury believed what the witnesses for the state said as to the actual participation of the defendants, in preference to the unsupported evidence of the defendants. It is not within the province of this court to say what evidence the jury shall believe and what it shall not. It is peculiarly within their province to believe such testimony

as seems to them to be truthful and consistent with the facts.

It is claimed the trial court erred in permitting the state to withdraw its rest and introduce the evidence of the sheriff, and on its own motion withdraw defendants' rest. The court had the right to do this, and there was no abuse of discretion to permit the state to offer evidence in chief, for the record shows that both sides rested in the regular manner before arguments to the jury were made. This is a statutory right. The statute, section 10144, Comp. St. 1922, provides, among other things: "The state will then be confined to rebutting evidence, unless the court for good reason in furtherance of justice, shall permit it to offer evidence in chief."

It is a well-established proposition of law that: "The order in which a party shall introduce his proof is, to a great extent, discretionary with the trial judge, and the action of the court in that regard will not be cause for reversal when no abuse of discretion is shown." *Basye v. State*, 45 Neb. 261.

If the trial judge absented himself during the argument of counsel and no one's attention was called to it, then his absence was supposed to be by consent of the parties and objection is waived. The record does not affirmatively show that the trial judge was not present at all times, and if he was absent at any time during the arguments, the defendants by not objecting waived their right to do so at this time.

There is also complaint of alleged misconduct of the prosecuting attorney. Whatever that may have been it should be disregarded, because it is the law of this state that, where the only objection by accused to the misconduct of the county attorney was that he made statements unwarranted by the evidence, an instruction directing the jury to disregard such statements left no ground for complaint. *Hoover v. State*, 48 Neb. 184. A cautionary instruction was given in the instant case, and that cured any error because of misconduct of counsel.

We have already discussed the fact that the evidence was fully sufficient to justify verdicts of conviction. All the material elements of robbery have been fully established and based upon evidence sufficient to satisfy the jury. This being a crime against the person, it. is very serious, especially when accompanied by uncalled for and wanton violence upon two old men. The sentence was entirely justified by the evidence and responds to a truthful conclusion, especially when it is true that no extenuating circumstances were shown and premeditation was proved.

We have gone through the record carefully and are unable to say there was reversible error. Justice was done and proper punishment meted out to undoubtedly guilty defendants.

AFFIRMED.